■ IRVING RICH, Respondent, v CITY OF NEW YORK, Appellant. — In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated June 27, 1980, which granted plaintiff's motion to set aside the jury verdict in favor of defendant following a trial on the issue of liability, and ordered a new trial. Order affirmed, without costs or disbursements. We agree with Trial Term that the verdict should be set aside. There was strong evidence that the sidewalk in question was in a dangerous condition, that the city had actual notice of the condition and that plaintiff fell at the very spot claimed. In the face of this evidence, defense counsel's overzealous and prejudicial behavior, both in examination and summation — including questions relating to religion — may well have influenced the verdict. Under the circumstances, we must give deference to the trial court's decision to set aside a verdict in the interest of justice (see *Micallef v Miehle Co., Div. of Miehle-Gross Dexter,* 39 NY2d 376), even though a more detailed expression of reasoning by that court would have been preferable. Damiani, J.P., Lazer, Gulotta and Margett, JJ., concur.

■ RALPH RISIO, Respondent, v GEORGE KOHLER, Appellant. — Appeal from an order of the Supreme Court, Orange County (Isseks, J.), dated January 19, 1981 dismissed. Said order was superseded by an order of the same court dated March 13, 1981. Order dated March 13, 1981, affirmed. No opinion. Plaintiff is awarded one bill of $50 costs and disbursements. Gulotta, J.P., Margett, Weinstein and Thompson, JJ., concur.